IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Janet Jamison<br><br>     Plaintiff,<br><br>v.<br><br>Costco Wholesale Corp., John McKay, Dave Harruff, and Kevin Campbell.,<br><br>     Defendants. | **REPORT AND RECOMMENDATION**<br><br><br>Civil No. 2:07 cv 629 TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff, Janet Jamison *pro se*, has filed a civil rights complaint against Defendants Costco Wholesale and three employees that work for Costco, John Mckay, Dave Harruff and Kevin Campbell.[1] Before the court are several motions. Jamison filed several motions including: a Motion for Extension of Time Payment of Filing Fee[2] which is MOOT given the court's amended decision concerning Plaintiff's IFP application;[3] a Motion for Service of Process;[4] and finally, a Motion to Appoint Counsel.[5] Defendants, via special appearance, have filed a Motion to Dismiss Case as Frivolous.[6] In essence, Defendants argue that a court may dismiss a complaint alleging a federal claim for lack of subject matter jurisdiction "'where such a

---

[1] Docket no. 6.
[2] Docket no. 7.
[3] Docket no. 5.
[4] Docket no. 8.
[5] Docket no. 9.
[6] Docket no. 12.

claim is wholly insubstantial or frivolous.'"[7]  According to Defendants, the claims of Jamison are frivolous so they should be dismissed.

Related to Defendants motion to dismiss is Jamison's filing status.  Initially, the court denied Plaintiff's application to proceed *in forma pauperis*.[8]  That decision, however, was later amended and the court granted Plaintiff's application to proceed without payment of fees pursuant to 28 U.S.C. § 1915.[9]  Because Jamison was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915, are applicable.  Under § 1915 the court shall at any time, *sua sponte*, dismiss the case if the court determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.[10]  A claim may be considered frivolous if it "lacks an arguable basis either in law or in fact."[11]

As noted by the Supreme Court, a finding of factual frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[12]  Here, even after considering Plaintiff's Complaint liberally,[13] the court finds it is frivolous, lacking in merit and rises to the level of the irrational or wholly incredible.  Accordingly, the court RECOMMENDS that Plaintiff's Complaint be DISMISSED.

In her complaint Jamison states she is "filing this Civil Complaint against Costco Wholesale for: this Company's participation in the overall harassment that is a result of my being

---

[7] Def.s' mem in supp. p. 2 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773 (1946)).
[8] Docket no. 2.
[9] Docket no. 5.
[10] *See* 28 U.S.C. § 1915(e)(2).
[11] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).
[12] *Dentorn v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct.
[13] *See* *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).

held on an 'integrated' communications system."[14]  According to Jamison, in May of 1988 while working as a Systems Programmer for Allstate Insurance Company, an experiment was performed attaching her to an integrated communications system without her consent.  This system allows those who access it to read and control Plaintiff's thoughts, control Plaintiff's actions and behavior, view and control Jamison's eyes and control Jamison's bodily functions.[15]  Costco employees were allegedly given access to this system resulting in discrimination, sexual harassment, the canceling of Plaintiff's Costco membership "without fair review or grievance,"[16] and a scheme whereby Plaintiff was routinely "kicked out" of Costco.  Jamison further alleges that the products she routinely purchases from Costco are contaminated by human and animal waste, bacteria, body fluids, drugs and other contaminates.[17]

The court construes Plaintiff's Complaint liberally and holds her submissions to a less stringent standard than that for formal pleadings drafted by lawyers because she is proceeding *pro se*.[18]  But, Plaintiff must still allege sufficient facts on which a recognized legal claim could be based.[19]  Here, the court finds Plaintiff fails to meet this minimal threshold.  The court further finds that as alleged, Plaintiff's Complaint "rise[s] to the level of the irrational or the wholly incredible."[20]  Thus, it is appropriate to dismiss Plaintiff's Complaint as factually frivolous.[21]  While Plaintiff's Complaint may form the basis of an interesting Halloween thriller, it cannot function as a complaint upon which a legitimate lawsuit is based.[22]

---

[14] Complaint p. 3.
[15] *See id.* p. 5.
[16] *Id.* p. 4.
[17] *See id.* p. 3.
[18] *Hall*, 935 F.2d at 1110.
[19] *See id.*
[20] *Denton*, 504 U.S. at 33.
[21] *See id.*
[22] *See* 28 U.S.C. § 1915(e)(2).

Accordingly, based on the foregoing, the court RECOMMENDS that Plaintiff's Complaint be DISMISSED.  The court further RECOMMENDS that Defendant's motion to dismiss be GRANTED and Plaintiff's motions be DENIED or DEEMED MOOT.

Finally, a review of Jamison's past as a litigant in this court indicates she has filed three other cases based upon problems arising from others using the integrated communications system to which she was allegedly attached.[23]  Based upon this history, the court further RECOMMENDS that Chief Judge Campbell consider placing Jamison on the restricted filer list.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objection upon subsequent review.

DATED this 30th day of October, 2007.

Brooke C. Wells
United States Magistrate Judge

---

[23] *See* Case nos. 2:06-cv-514 TC, 2:06-cv-763 TC and 2:06-cv-1026 TC.